CROOM v. WILLIAMS ET AL.

[70 South. 704.]

EXECUTION. *Claims by third person. Venue. Statutory provisions.*
    The provisions of Code 1906, section 4998, that the venue of the trial of a claimant's issue may be changed on claimant's applications to the county of his residence, makes it optional with

the claimant as to whether or not the claimant's issue will be tried in the county from which the execution is issued, or the county in which the property levied upon is situated and the claimant lives, and in such case if the claimant applies for a change of venue to the county in which he lives and the property is situated, the statute is mandatory and the change of venue must be granted.

APPEAL from the circuit court of Greene county.
Hon. J. A. BUCKLEY, Judge.

Consolidated actions by Mrs. Lillian Croom against D. R. Williams and others, to try right to property levied on under executions. From a judgment denying relief to Mrs. Lillian Crooms, she appeals.

The facts are fully stated in the opinion of the court.

*Ford & White* and *O. F. Moss,* for appellant.

*Baskin & Wilbourn,* for appellee.

POTTER, J., delivered the opinion of the court.

This is an appeal from the circuit court of Greene county by Mrs. Lillian Croom from a judgment against her on the trial of a claimant's issue by that court in two cases which were consolidated and tried together, as they presented the same question of law and fact. The first appearance of the claimant in this case in the circuit court of Greene county contained an application for the removal of the case to George county, as provided in section 4998 of the Code of 1906. In her motion for a change of venue of the cause to George county, the claimant set out that she—

"is now, and was at the time of the issuance of the execution in said cause, a *bone.fide* resident of the county of George, state of Mississippi, and that the property levied upon in said cause was at the time of the levy of said writ, and still is, in said county of George."

The facts upon which her motion was based were not controverted. Nevertheless the court refused to grant

the change of venue sought.  This was error.  The claimant, under the provisions of the above section, had the statutory right to a change of venue to the county where she lived and the property levied upon was situated.  The provisions of the statute that the venue of the trial of a claimant's issue may be changed on claimant's application to the county of his residence makes it optional with the claimant as to whether or not the claimant's issue will be tried in the county from which the execution is issued, or the county in which the property levied on is situated and the claimant lives.  The statute is mandatory, and when application is made for a change of venue upon the facts stated in this motion, the claimant is entitled to the change.

For error in refusing the change of venue to George county on claimant's motion, this cause is reversed and remanded.

*Reversed and remanded.*